IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAUNINE RISNER, RICHARD RISNER and )
SHELLEY WILSON, )
 )
      Plaintiffs, )
 )
vs. )  CASE NUMBER **2:08CV 100 RM**
 )
CITY OF CROWN POINT, INDIANA; LEN )
HOMOLA and LLOYD ELDRIDGE, )
 )
      Defendants. )

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against Len Homola and Lloyd Eldridge, who are police officers of the City of Crown Point Police Department, and the City of Crown Point, Indiana, for committing acts, under color of law, which deprived plaintiffs of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to plaintiffs. Plaintiffs allege that the defendants, Len Homola and Lloyd Eldridge, unlawfully arrested, detained, assaulted and battered plaintiffs, Daunine Risner and Shelley Wilson. Plaintiffs further allege that the City of Crown Point, Indiana is liable for plaintiffs' damages because the City of Crown Point Police Department failed to instruct, supervise, control, and discipline the defendants, Len Homola and Lloyd Eldridge, and each of them, on a continuing basis, and said failure was a result of official policy, or the custom, practice, and usage of the City of Crown Point, Indiana, and that the policymakers of the City of Crown Point, Indiana were deliberately indifferent to the rights of the inhabitants of the City of Crown Point, Indiana, and that said conduct caused the deprivation of plaintiffs' rights secured under the United States Constitution, the laws of the United States, and the laws of the State of Indiana.

## CAUSES OF ACTIONS

2.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide the claims of assault, battery, false arrest, and false imprisonment and intentional infliction of emotional distress arising under state law.

## PARTIES

3.     Plaintiff Duanine Risner is a citizen and resident of Lake County, State of Indiana and the United States of America.

4.     Plaintiff Richard Risner is a citizen and resident of Lake County, State of Indiana and the United States of America.

5.     Plaintiff Shelley Wilson is a citizen and resident of Lake County, State of Indiana and the United States of America.

6.     At all times referred to herein, defendant Len Homola (hereinafter "Homola" or "Defendant Homola") was a police officer of the City of Crown Point Police Department and was acting in such capacity as an agent, servant and employee of the City of Crown Point, Indiana and its Police Department and was acting under the direction and control of the City of Crown Point, Indiana and its Police Department and was acting pursuant to either official policy, or the custom, practice, and usage of the City of Crown Point, Indiana and its Police Department.

7.     At all times referred to herein, Defendant Lloyd Eldridge (hereinafter "Eldridge" or "Defendant Eldridge") was a police officer of the City of Crown Point Police Department and was acting in such capacity as an agent, servant and employee of the City of Crown Point, Indiana and its Police Department and was acting under the direction and control of the City of Crown Point, Indiana and its

Police Department and was acting pursuant to either official policy, or the custom, practice and usage of the City of Crown Point, Indiana and its Police Department.

8. Defendant City of Crown Point, Indiana (hereinafter "City" or "Crown Point" or "City of Crown Point") is a municipal corporation, organized and existing under the laws of the State of Indiana. In this cause, the City acted through its agents, employees, and servants, who was or were the policymakers for the City's Police Department and for the conduct of the police officers employed by the Police Department and through Defendants Homola and Eldridge.

9. Plaintiffs sue Defendants Homola and Eldridge each in their individual and official capacities.

10. At all times referred to herein, Defendants Homola and Eldridge acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Indiana, the City of Crown Point, Indiana and the City of Crown Point Police Department and pursuant to their authority as police officers of said Department and City.

## FACTS COMMON TO ALL COUNTS

11. On March 30, 2006, at approximately 7:00 p.m., Defendants Homola and Eldridge, while on duty as police officers in the employ of the City of Crown Point, were called and responded to 906 East Clark Street, Crown Point, Indiana.

12. 906 East Clark Street, Crown Point, Indiana is the home of the mother of Plaintiffs Daunine Risner and Shelley Wilson.

13. Shelley Wilson arrived at her mother's home after learning there was some type of trouble at the residence and the police were present.

14. Upon her arrival, Shelley Wilson encountered Defendant Eldridge and attempted to explain to him that the house belonged to her mother and that she wanted to know what was going on.

15. Ms. Wilson repeatedly told the officer that she wanted to go in and check the house and that she had a key to the same, to which Defendant Eldridge responded, "Shut the f*** up."

16. As Ms. Wilson attempted to walk towards the entrance of the house, Officer Eldridge grabbed her by her right arm and left shoulder, swinging her in a circular motion until her feet came off the ground approximately three (3) feet and slammed her down face first into the ground.

17. Ms. Wilson was arrested, handcuffed, placed in one of the Crown Point Police cars at the scene and was ultimately charged with disorderly conduct, resisting law enforcement and public intoxication. Ms. Wilson was incarcerated in the Lake County Jail for seven (7) days. The case remains pending in the Lake Superior Court, County Division Three. Said arrest was without probable cause and, in fact, no crimes were committed.

18. Upon Plaintiff Daunine Risner's arrival at 906 East Clark Street, she observed her sister, Shelley Wilson, engaged in a conversation with Defendant Eldridge and observed Defendant Eldridge forcibly slam Shelley Wilson to the ground without provocation and/or cause.

19. Ms. Risner informed Defendant Homola that Ms. Wilson was her sister, that their mother resided at 906 East Clark Street, that their mother was on vacation, that she was in charge of the house in her absence, that Shelley Wilson had recently had a hip replacement surgery, and that she did not approve of the unreasonable and unnecessary use of force utilized in arresting Shelley Wilson.

20. At that point, Defendant Eldridge walked up to Ms. Risner and told her to "Go to hell." Defendant Homola then told Ms. Risner, "Shut your mouth and step back."

21. Ms. Risner continued to engage Defendant Homola in a conversation regarding the incident, at which point he told Ms. Risner, "If you don't shut your f****** mouth, you are going to be arrested."

22. Ms. Risner advised Defendant Homola that she had the right to be where she was and continued to protest regarding her sister's treatment. At this point, Defendant Homola violently grabbed Ms.

4

Risner by the back of her neck and pushed her head and face into the side of a pickup truck that was located at the scene. Defendant Eldridge then became involved in Ms. Risner's arrest by forcing her hands behind her back and assisting in handcuffing Ms. Risner.

23.	While being arrested, Ms. Risner advised the officers that she had several herniated discs in her neck and that she was in pain. Defendant Homola responded, "I don't give a f*** what you have."

24.	Ms. Risner requested medical attention because of the immediate onset of pain. An ambulance was dispatched and Ms. Risner was transported to St. Anthony's Medical Center.

25.	Ms. Risner was arrested and charged with disorderly conduct and resisting law enforcement even though there was no probable cause and no crime was, in fact, committed.

## COUNT I

## EXCESSIVE USE OF FORCE BY DEFENDANTS HOMOLA AND ELDRIDGE COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendants Homola and Eldridge in Count I, the plaintiffs, Daunine Risner and Shelley Wilson, allege and state as follows:

26.	By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.	At no time did Plaintiffs Risner and Wilson attempt to resist arrest by Defendants Homola and Eldridge or offer violence to or threaten them. Plaintiffs committed no felony, nor have they been charged with the commission of any felony.

28.	As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of the plaintiffs by Defendants Homola and Eldridge committed under color of law and under each individual's authority as a City of Crown Point police officer, the plaintiffs suffered grievous bodily harm and were deprived of their rights to be secure in their persons, against unreasonable seizure of their person and

the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

29.     As a direct and proximate result of the malicious and outrageous conduct of Defendants Homola and Eldridge as aforedescribed, Plaintiff Daunine Risner suffered severe and permanent injuries and damages, including post traumatic stress, emotional trauma, and the aggravation of a preexisting cervical condition which necessitated surgical intervention on March 1, 2007, and again on December 3, 2007, resulting in substantial medical expense, pain, suffering and permanent impairments. Plaintiff Daunine Risner will, in all likelihood, suffer additional special damages in the future in amounts which have not yet been determined.

30.     As a direct and proximate result of the malicious and outrageous conduct of Defendants Homola and Eldridge as aforedescribed, Plaintiff Shelley Wilson suffered severe and permanent injuries and damages, including multiple contusions, a lacerated spleen, internal bleeding, and aggravation of her preexisting hip problem, post traumatic stress, and emotional trauma. Plaintiff Shelley Wilson incurred medical expenses, pain, suffering and permanent impairments. Plaintiff Shelley Wilson will, in all likelihood, suffer additional special damages in the future in amounts which have not yet been determined.

31.     The acts of Defendants Homola and Eldridge, as aforedescribed, were intentional, wanton, malicious and oppressive, thus entitling the plaintiffs to an award of punitive damages against said Defendants in their individual capacities.

32.     If the plaintiffs prevail, they are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against Defendants Homola and Eldridge, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each, and for punitive damages in the amount of One Million Dollars ($1,000,000.00), plus

costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT II

### FALSE ARREST AND IMPRISONMENT BY DEFENDANTS HOMOLA AND ELDRIDGE
### COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendants Homola and Eldridge in Count II, the plaintiffs, Daunine Risner and Shelley Wilson, allege and state:

33. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. The conduct of the Defendants Homola and Eldridge acting individually and together with others resulted in the plaintiffs being falsely, maliciously and unlawfully arrested and detained, and the plaintiffs were deprived of their rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against Defendants Homola and Eldridge, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each, and for punitive damages in the amount of One Million Dollars ($1,000,000.00), plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT III

### INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE
### BY DEFENDANT HOMOLA AND ELDRIDGE
### COGNIZABLE UNDER 42 U.S.C § 1983

For their cause of action against Defendants Homola and Eldridge in Count III, Plaintiffs Daunine Risner and Shelley Wilson allege and state:

35. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. Defendants Homola and Eldridge, acting individually or together and in concert, caused the plaintiffs to be charged with various criminal violations and assisted in the prosecution of said charges.

37. Defendants Homola and Eldridge, and each of them, were motivated in the pursuit of criminal charges against the plaintiffs not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, illegal, and unconstitutional purposes, to-wit:

> a. Defendants sought to protect themselves from civil and/or criminal liability for the unlawful treatment of the plaintiffs and their use of excessive force against the plaintiffs, as aforedescribed, by charging the plaintiffs with crimes which, if proven, would be arguably have demonstrated the justification for the force used against and treatment of the plaintiffs.
>
> b. Defendants sought to punish the plaintiffs for exercising legally and constitutionally protected rights.

38. The conduct of Defendants as aforedescribed violated the plaintiffs' right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against the defendants, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each and for punitive damages in the amount of One Million Dollars ($1,000,000.00) each, plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT IV

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE
### DIRECTED AGAINST THE CITY OF CROWN POINT
### COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendant, City of Crown Point, Plaintiffs Daunine Risner and Shelley Wilson allege and state as follows:

39. By this reference, the plaintiffs incorporate each and every allegation and averment contained in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. At all times relevant to this complaint, Defendants Homola and Eldridge, as police officers of the City of Crown Point Police Department, were acting under the direction and control of the City of Crown Point, Indiana, which acted through its agents and employees who were responsible for making policy of the Police Department, its officers and operations, and Defendants Homola and Eldridge were acting pursuant to either official policy or the practice, custom and usage of the City of Crown Point, Indiana and its Police Department.

41. Acting under color of law, by and through the police-makers of the City and pursuant to official policy or custom and practice, the City of Crown Point, Indiana intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of Crown Point, Indiana, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Homola and Eldridge in the performance or their duties to refrain from:

- a. unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;

- b. fabricating criminal charges against a citizen for the purpose of shielding themselves from criminal or civil liability for violating that citizen's civil rights;

- c. falsifying police reports and other statements;

- d. conspiring to violate the rights, privileges, and immunities guaranteed to the plaintiffs by the Constitution and laws of the United States and the laws of the State of Indiana; and

- e. otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

42. The City of Crown Point, Indiana had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed. Defendant City of Crown Point, Indiana had power to prevent, or aid in preventing, the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City failed or refused to do so.

43. Defendant City of Crown Point, Indiana, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Homola and Eldridge, heretofore described.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against Defendant City of Crown Point, Indiana, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each and for punitive damages in the amount of One Million Dollars ($1,000,000.00) each, plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT V

For their cause of action against the defendants, Plaintiffs Daunine Risner and Shelley Wilson invoke the supplemental jurisdiction of the court and allege and state as follows:

44. By this reference, the plaintiffs incorporate each and every allegation and averment contained in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The actions of the defendants constitute assault and battery pursuant to Indiana law.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against the defendants, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each and for punitive damages in the amount of One Million Dollars ($1,000,000.00) each,

plus costs of this action, attorneys' fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT VI

For their cause of action the against the defendants, Plaintiffs Daunine Risner and Shelley Wilson invoke the supplemental jurisdiction of the court and allege and state as follows:

46.    By this reference, the plaintiffs incorporate each and every allegation and averment contained in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.    The action of the defendants constitutes false arrest and false imprisonment pursuant to Indiana Law.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against Defendants Homola and Eldridge, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each and for punitive damages in the amount of One Million Dollars ($1,000,000.00) each, plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT VII

For their cause of action against the Defendants Plaintiffs Daunine Risner and Shelley Wilson invoke the supplemental jurisdiction of the court and allege and state as follows:

48.    By this reference, the plaintiffs incorporate each and every allegation and averment contained in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49.    The actions of the defendants constitute intentional infliction of emotional distress pursuant to Indiana Law.

WHEREFORE, Plaintiffs Daunine Risner and Shelley Wilson pray for judgment against the defendants, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) each and for punitive damages in the amount of One Million Dollars ($1,000,000.00) each,

plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

### COUNT VIII

Comes now the plaintiff, Richard Risner, and for his cause of action against the defendants, alleges and states as follows:

50. By reference, the plaintiffs incorporate each and every allegation and averment contained in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. At all times relevant, Plaintiff Richard Risner was the lawful husband of Plaintiff Daunine Risner.

52. That due to the injuries which were sustained by Plaintiff Daunine Risner and which were negligently and proximately caused by the defendants, Plaintiff Richard Risner suffered the loss of his wife's services, consortium, companionship and support, all of which were and are of great value to Plaintiff Richard Risner.

WHEREFORE, Plaintiff Richard Risner prays for judgment against the defendants, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) and for punitive damages in the amount of One Million Dollars ($1,000,000.00), plus costs of this action, attorneys' fees, and such other relief as the court deems fair and appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

_____
JOSEPH STALMACK #667-45
Attorney for Plaintiffs
DAUNINE RISNER, RICHARD RISNER and
SHELLEY WILSON

## JURY DEMAND

Come now the plaintiffs, DAUNINE RISNER, RICHARD RISNER and SHELLEY WILSON, by counsel, and demand trial by jury on all issues herein.

*[signature]*
JOSEPH STALMACK #6667-45
Attorney for Plaintiffs
DAUNINE RISNER, RICHARD RISNER and
SHELLEY WILSON


**JOSEPH STALMACK & ASSOCIATES, P.C.**
Attorneys at Law
5253 Hohman Avenue
Hammond, IN  46320
(219) 937-3700
stalmack@jsalegal.com

91836.compl